Filed 5/7/14  P. v. Mines CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STEVEN OSCAR MINES,<br><br>    Defendant and Appellant. | F066167<br><br>(Super. Ct. No. 1252640)<br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Stanislaus County.  John D. Freeland, Judge.

Mark J. Shusted, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*    Before Kane, Acting P.J., Poochigian, J., and LaPorte, J.†

†    Judge of the Kings Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Appellant, Steven Oscar Mines, appeals from the denial of his postjudgment motion to correct his presentence custody credits. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On March 30, 2010, the Stanislaus County District Attorney filed an information charging appellant and three codefendants with three counts of robbery (counts 1-3/Pen. Code, § 211)[1] and one count of participating in a criminal street gang (§ 186.22, subd. (a)). Counts 1 through 3 also charged Mines and his codefendants with a gang enhancement (§ 186.22, subd. (b)(1)) and a firearm use enhancement (§ 12022.53, subds. (b) & (e)(1)).

On June 28, 2010, Mines pled guilty to the robbery offense charged in count 1 and to the lesser included offense of grand theft from a person (§ 487, subd. (c)) in counts 2 and 3 in exchange for the dismissal of the remaining count and enhancements and a stipulated term of five years. Additionally, after Mines waived time, the court sentenced him to the stipulated five-year term consisting of the aggravated term of five years on his robbery conviction and a concurrent midterm of two years on each of his grand theft from a person convictions. The court also awarded Mines presentence custody credits of 690 days consisting of 600 days of presentence actual custody credit and 90 days of presentence conduct credit.

On July 23, 2012, Mines wrote a letter to the trial court asking the court to award him an additional 15 days of presentence custody credit.

On September 12, 2012, the court issued a minute order increasing Mines's presentence custody credits to 698 days consisting of 607 days of presentence actual custody credit and 91 days of presentence conduct credit.

---

[1]     All further statutory references are to the Penal Code.

On November 7, 2012, Mines filed his appeal from the September 12, 2012, order.

Mines's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Mines has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

Mines's request for judicial notice of a motion he mailed to the trial court on March 28, 2013, and the minute order of the April 15, 2013, hearing on the motion is denied.

The judgment is affirmed.